JOHN FLETCHER *v.* THE STATE.

CRIMINAL LAW. *Burglary.* Upon an indictment for burglary charging the breaking of and entry into the mansion house, a conviction is proper, the evidence showing that the house broken and entered was a smoke-house. Mansion or dwell-inghouse includes all such houses as are appurtenant thereto, as kitchen, laundry, smoke-house and dairy.

FROM RUTHERFORD.

Appeal in error from the Criminal Court of Rutherford county. —— Sp. J.

JORDAN STOKES for Fletcher.

ATTORNEY-GENERAL LEA for The State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error was convicted upon an indictment for burglary, containing two counts. The first count contains a charge of the breaking and entry, in the night time, of the mansion house of N. A.

Brannon, with the intent to commit a larceny, and that he did then and there take, steal and carry away one hundred pounds of lard of the value of fifteen cents per pound, and eighteen pieces of bacon of the value of two dollars and fifty cents each. The second count, with like averments, charges the breaking and entering of an out house.

The jury returned a verdict of guilty upon the first count. The court refusing a new trial, or arrest of judgment, the plaintiff in error has appealed to this court.

The evidence shows that the smoke-house, situate within the yard or curtilage of the dwelling-house, was forcibly broken into in the night time, and the property laid in the indictment, stolen therefrom, and there is sufficient evidence that the plaintiff in error was the offender.

The question, however, upon which he seeks reversal is, that the jury have found that the defendant was guilty upon the first count, whereas the evidence would sustain a verdict on the second count only. While the conviction might have been sustained if had upon the second count, it may also be sustained upon the first.

The indictment is for burglary, and the first count not only includes the mansion or dwelling-house, but also such houses as are appurtenant thereto, as the kitchen, laundry, smoke-house, and dairy: 3 Hum., 379, and other cases cited in Meigs Digest (Milliken), 1133. And in the case of *Carter* v. *State*, manuscript opinion by Judge Freeman, delivered at the

September term, 1874, at Knoxville, the same doctrine was held.

We are of opinion, therefore, that there is no error in the judgment below, and it will be affirmed.